Belknap
No. 85-150

### THE STATE OF NEW HAMPSHIRE

v.

### WILLIAM STONE

March 3, 1986

*Stephen E. Merrill,* attorney general (*Tina Schneider,* assistant attorney general, on the brief, and *Andrew Serell,* attorney, orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

### MEMORANDUM OPINION

As a minimum security prisoner at the Belknap County House of Correction, the defendant was assigned to work without supervision on the grounds of the neighboring county nursing home. After officials of the house of correction observed him leave the county grounds to visit a woman's apartment nearby, they arrested and charged him with the Class B felony of escape. RSA 642:6, III (Supp. 1983). The record indicates that county officials subsequently learned that the defendant had made earlier visits to the apartment and each time had returned to custody.

At trial the defendant excepted to the refusal of the Superior Court (*Murphy,* J.) to instruct the jury that the State must prove that the defendant had "intended to remain free" and had not intended to "return to the . . . [h]ouse of [c]orrection immediately after visiting" the apartment. The defendant was convicted and appealed. We affirm.

In pressing his exception, the defendant maintains that escape entails something more than a defendant's knowingly unauthorized departure from the locus of his custody, see RSA 626:2, II(b), and he argues that the State must also prove that he intended to remain

free beyond some limited period. This argument, however, does not get past *State v. Aldrich*, 124 N.H. 43, 466 A.2d 938 (1983).

██ In *Aldrich* we held that the mental element of the crime of escape is satisfied by proof that the defendant acted knowingly when he departed from official custody without authority. *Id.* at 48, 466 A.2d at 941. In deciding that the State need not plead or prove that the defendant acted purposely, we equated the purposeful state of mind in an escape case with "an intent to avoid confinement." *State v. Aldrich, supra* at 48, 466 A.2d at 941. Since proof of escape does not require proof of an intent to avoid confinement, the State need not prove the more specific intent to avoid confinement exceeding the duration of a frolic.

*Affirmed.*